1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADIL HIRAMANEK,

                Plaintiff,

     v.

CALIFORNIA JUDICIAL COUNCIL, et al.,

                Defendants.

Case No.  5:15-cv-04377-RMW

**ORDER DENYING REQUEST FOR REASSIGNMENT**

Re: Dkt. No. 15

Plaintiff Adil Hiramanek requests reassignment of his case to another district court judge. Dkt. No. 15.  Plaintiff's complaint generally asserts statutory and constitutional violations by court reporters and California state court officials (including a challenge to the state statute under which plaintiff was declared a vexatious litigant) and challenges to federal court procedures that, according to plaintiff, unconstitutionally interfere with his right to appellate review.  *See* Dkt. No. 1, 1-1.  Plaintiff's purported bases for recusal can be grouped into three categories: (1) the undersigned's prior employment as a state court judge; (2) a purported financial interest in the case; and (3) the undersigned's rulings in another pending case filed by plaintiff, No. 5:13-cv-00228, which plaintiff characterizes as biased, based on ex parte communications with defendants, or potentially affected by his current complaint.  Plaintiff presents no sufficient basis for recusal.

5:15-cv-04377-RMW
ORDER DENYING REQUEST FOR REASSIGNMENT
RS

## I.      LEGAL STANDARD

Plaintiff moves for recusal under 28 U.S.C. §§ 455 and 144.[1]  Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 144 provides for reassignment where a party files a "timely and sufficient affidavit" averring that the judge before whom the case is pending "has a personal bias or prejudice" either against the party or in favor of any adverse party.  If a judge finds a § 144 motion timely and the affidavit legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter.  28 U.S.C. § 144; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

"Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased."  *Torres v. Chrysler Fin. Co.*, No. C 07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).  "The test for creation of apparent bias sufficient to require dismissal under [Section 455] is an objective one: 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).  In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law."  *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (citations omitted).  This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice."  *Id*. at 913 (citation omitted).  In addition, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course

---

[1] To the extent that plaintiff also seeks disqualification under 28 U.S.C. § 351, plaintiff has not complied with the procedural requirement of "fil[ing] with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting" alleged improper conduct.  28 U.S.C. § 351(a).

2

United States District Court
Northern District of California

of [proceedings]." *Id.* at 913–14.

Plaintiff's motion here does not provide a legally sufficient basis for recusal. Accordingly, the court did not ask that the matter be reassigned.

## II.  ANALYSIS

### A.  Prior Service as a State Court Judge

Plaintiff asserts that his case must be reassigned because the undersigned was previously a state court judge in Santa Clara County.[2] However, plaintiff has not shown that the undersigned was involved in any of plaintiff's litigation before the Santa Clara County Superior Court. *See, e.g., Amaya v. Home Ice, Fuel & Supply Co.*, 59 Cal. 2d 295 (1963) (California Supreme Court Justice recused from hearing case he previously heard while sitting as a judge on a lower court). There is no general requirement for "federal judges to recuse themselves from cases heard by other judges on the state courts where they sat previously." *Wells Fargo Bank, N.A. v. Vann*, No. C 13-1148 YGR, 2013 WL 1409880, at *1 (N.D. Cal. Apr. 8, 2013). Thus, the undersigned's prior judicial service on the Santa Clara County Superior Court does not provide a basis for recusal here.

### B.  Financial Interest in the Litigation

Plaintiff asserts that the undersigned and the undersigned's spouse "derives financial/retirement benefits from his ex-employer/state defendant, and is substantially interested in/affected by the outcome, on Plaintiff's billion dollar damage claim." Dkt. No. 15 at 11. Even accepting this allegation as true, which it is not, the receipt of unspecified "financial/retirement benefits" is wholly separate from the issues in this case. The case has nothing to do with financial payments, or eligibility thereto, from the state or county. Any judgment reached in this case will have no plausible effect on either the undersigned or the undersigned's spouse's receipt of financial benefits from the state or county. Accordingly, the (nonexistent) "financial/retirement benefits" do not provide a basis for recusal.

---

[2] The undersigned served on the Santa Clara County Superior Court from 1989 to 1992.

United States District Court
Northern District of California

C.      **Bias and Ex Parte Communications**

The remainder of plaintiff's assertions can be characterized as complaints with the substance of the rulings made in another pending case, No. 5:13-cv-00228.  Specifically, plaintiff suggests that the undersigned has relied on ex parte communications to rule on matters and that the rulings evidence a "lack of impartiality," "ongoing advocacy for state defendant," and engage in "bizarre reasoning, devoid of facts, law or merits."  Dkt. No. 15 at 21.

Plaintiff's declaration contains no legally sufficient allegations of any ex parte communications.  The allegations are entirely conclusory and not supported by facts relevant to the conclusion plaintiff seeks to draw.  For example, plaintiff states that "CASAs [Court Appointed Special Advocate, a.k.a. Child Advocate, including [the undersigned's spouse] participated in 57% of [juvenile dependency cases]."  Dkt. No. 15-1 ¶ 15.[3]  That may be true. Plaintiff then concludes that "Some of extra judicial knowledge procured by [the undersigned], as expressed in his written orders in this litigation, comes from sources outside the litigation, including apparently [the] spouse."  *Id.*  The fact that unspecified CASAs participate in juvenile dependency cases suggests absolutely nothing about ex parte communications regarding plaintiff's case.

Plaintiff also argues that recusal is warranted because Claim 3 of his complaint relates to a ruling the undersigned made in the co-pending case, No. 5:13-cv-00228, revoking plaintiff's *in forma pauperis* status for an appeal.  *See* Dkt. No. 15 at 13; Dkt. No. 1 ¶¶ 102-06.  Claim 3 of plaintiff's complaint asserts that the Ninth Circuit Court of Appeals practice of referring to a district court the question of whether a party should be able to maintain *in forma pauperis* status on appeal violates the U.S. Constitution and 28 U.S.C. § 47.  *See generally* Dkt. No. 1 ¶¶ 91-115. Plaintiff asserts that the undersigned "will be a potential witness on that claim#3," and thus recusal is required.  Dkt. No. 15 at 13.  Plaintiff's argument is legally insufficient.  A sitting judge "may

---

[3] The court notes that plaintiff's declaration does not comply with Civil Local Rule 7-5(b), which requires that "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), *and must avoid conclusions and argument*." (emphasis added).  The declaration is largely additional conclusions and argument, in excess of the 25 page limit on motions.  Civ. L.R. 7-2(b).

5:15-cv-04377-RMW
ORDER DENYING REQUEST FOR REASSIGNMENT
RS

1    not be compelled to testify concerning the mental processes used in formulating official judgments

2    or the reasons that motivated him in the performance of his official duties." *United States v. Roth*,

3    332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004); *see United States v. Morgan*, 313 U.S. 409, 422

4    (1941).  Nor may a judge be compelled to testify regarding official matters unless "there exists a

5    sufficient basis to conclude that the judge 'possess[es] factual knowledge . . . and [is] the only

6    possible source of testimony on that knowledge.'" *Bliss v. Fisher*, 714 F. Supp. 2d 223, 223-24

7    (D. Mass. 2010) (quoting *United States v. Frankenthal*, 582 F.2d 1102, 1108 (7th Cir. 1978)).

8    Plaintiff has provided no reason why the undersigned could be a witness in this action.

9         None of plaintiff's remaining allegations, even if taken as true, constitute grounds for

10   recusal, insofar as they are all covered by the "extrajudicial source" doctrine, which requires "as

11   the basis for recusal something other than rulings, opinions formed or statements made by the

12   judge during the course of [proceedings]." *Holland*, 519 F.3d at 914.  "[J]udicial rulings alone

13   almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510

14   U.S. 540, 554 (1994).

15   **III.    ORDER**

16        For the reasons explained above, plaintiff's request that the undersigned be recused from

17   acting on this case is DENIED.  Plaintiff's request for a hearing is DENIED.  Plaintiff's request

18   for the undersigned to produce his Senate confirmation record is DENIED.

19        **IT IS SO ORDERED.**

20   Dated: December 4, 2015

21                                                    *Ronald M. Whyte*
                                                    _____
22                                                    Ronald M. Whyte
                                                    United States District Judge

23

24

25

26

27

28

United States District Court
Northern District of California

5:15-cv-04377-RMW
ORDER DENYING REQUEST FOR REASSIGNMENT
RS