1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

ADIL HIRAMANEK,

Plaintiff,

13

v.

14

CALIFORNIA JUDICIAL COUNCIL, et al.,

15

Defendants.

16

Case No.  5:15-cv-04377-RMW

**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT**

Re: Dkt. Nos. 24, 26, 27

17      Plaintiff Adil Hiramanek filed suit generally alleging statutory and constitutional

18 violations—including a challenge to the California statute under which the Santa Clara County

19 Superior Court declared plaintiff a vexatious litigant—and challenges to federal court procedures

20 that, according to plaintiff, unconstitutionally interfere with his right to appellate review. On April

21 22, 2016, this court screened plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed all

22 of plaintiff's claims, and ordered plaintiff to show cause why this case should not be dismissed

23 with prejudice and why plaintiff should not be barred from filing further related complaints

24 without leave of court. Dkt. No. 24. The matter came before the court for hearing on May 20,

25 2016. Having considered the papers that plaintiff submitted and his arguments at the hearing and

26 for the reasons below, the court dismisses plaintiff's complaint without leave to amend and

27 declares plaintiff a vexatious litigant. Plaintiff must obtain leave of the court before filing further

28

United States District Court
Northern District of California

actions in this court against state or federal courts, their judges, their employees, and the United States and its officials, with respect to the claims asserted in plaintiff's complaint or substantially similar claims.

## I.     BACKGROUND

Plaintiff's complaint names numerous state and federal officials as defendants.[1] Plaintiff's claims arise from plaintiff's involvement in multiple state court cases and at least one federal case. One of the key conflicts plaintiff experienced with the California courts occurred during a marital dissolution proceeding initiated by plaintiff's ex-wife in the Santa Clara County Superior Court, Case No. 1-09-FL-149682. *See* Dkt. No. 1 ("Compl.") ¶¶ 121, 323. During that case, the family law judge allegedly issued a restraining order against plaintiff preventing plaintiff from having access to his children for fifty years. *Id.* ¶¶ 130, 314. The family law judge also deemed plaintiff a vexatious litigant under state law. *Id.* ¶ 124. Plaintiff was also involved in criminal proceedings in state court. Plaintiff pled guilty to a misdemeanor charge to avoid felony charges of forgery and identity theft. *Id.* ¶ 127. Plaintiff has apparently appealed this conviction on the grounds that the plea agreement was involuntary. *Id.* ¶ 127 n.27. Plaintiff's complaint mentions plaintiff's involvement in other state court cases as well. *See, e.g.*, *id.* ¶ 155. Plaintiff is currently involved in at least one other federal case against state court employees, Case No. 5:13-cv-00228-RMW, pending in this court. *Id.* ¶ 151.

## II.    ANALYSIS

### A.     Motion to File Excess Pages

The court's April 22, 2016 order to show cause indicated that plaintiff could file a written

---

[1] The named defendants are: (1) The California Judicial Council; (2) Martin Hoshino, the Judicial Council's Administrative Director; (3) California licensed court reporters Georgeann M. Wiles, Stacie Antonio, Melissa Crawford, and Graciela Miramontes; (4) The California Sixth District Court of Appeal, its Presiding Justice Conrad Rushing, and its employees Daniel Potter and Scott Nasson; (5) The California First District Court of Appeal; (6) The California Supreme Court; (7) Tani Cantil-Sakauye, Chief Justice of California and Director of the California Judicial Council; (8) Steven Jahr, Administrative Director of the California Courts; (9) The United States of America; (10) Sidney Thomas, Chief Judge of the U.S. Court of Appeals for the Ninth Circuit; and (11) Loretta Lynch, the United States Attorney General.

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

*United States District Court*
*Northern District of California*

1   response by May 6, 2016, not to exceed 25 double-spaced pages, addressing: (1) why the

2   complaint should not be dismissed with prejudice in its entirety for failure to state a claim; and (2)

3   why plaintiff should not be declared a vexatious litigant and barred from filing similar actions

4   without pre-filing review. On May 6, 2016, plaintiff filed a motion to exceed this page limit. Dkt.

5   No. 26. Plaintiff claims, without citation to any authority, that he was entitled to file two 25-page

6   responses to the court's 18-page order to show cause—one for each topic above. Without waiting

7   for a response to his motion, plaintiff filed a 37-page response to the order to show cause, Dkt. No.

8   27, along with 7 pages of additional objections to the order, Dkt. No. 27-2, and hundreds of pages

9   of supporting attachments, Dkt. Nos. 27-3 to 27-7. Plaintiff's interpretation of this court's order,

10   which cited the 25-page limit imposed by Civil Local Rule 7-4(b), is unreasonable and supports

11   this court's finding that plaintiff is a vexatious litigant. The court nevertheless will consider the

12   arguments in plaintiff's written submissions.

       **B.**       **Dismissal Without Leave to Amend**

13

14         This court's April 22, 2016 order screened plaintiff's complaint under 28 U.S.C.

15   § 1915(e)(2)(B), dismissed all of plaintiff's claims, and ordered plaintiff to show cause why this

16   case should not be dismissed with prejudice and without leave to amend. Dkt. No. 24.

17         Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be

18   freely granted when justice so requires." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

19   banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny

20   leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated

21   failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

22   party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

23   892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in

24   original).

25         Plaintiff filed a written response to the order to show cause on May 6, 2016. Dkt. No. 27.

26   Plaintiff also filed a proposed addendum to his complaint, Dkt. No. 27-1, but the proposed

27   addendum amends only Claim 6 of the complaint regarding the court reporters, not the other five

28

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

1    claims. This order addresses each claim in plaintiff's complaint.

2    **1.       Americans with Disabilities Act ("ADA") and Related Claims**

3    Claim 1 of the complaint is directed against California's Supreme Court, First District

4    Court of Appeal, Sixth District Court of Appeal, Judicial Council, and Chief Justice Cantil-

5    Sakauye (in her "official capacity") and alleges that the court defendants denied plaintiff various

6    disability accommodations including requests for telephonic appearances and electronic filing.

7    Plaintiff's only specific alleged disability that this court was able to identify in the complaint is

8    plaintiff's need to keep his foot elevated. *See* Compl. ¶¶ 24, 26, 28.

9    This court's April 22, 2016 order provided multiple, independent reasons why Claim 1 of

10    plaintiff's complaint failed to state a claim on which relief can be granted. Dkt. No. 24 at 5-8. In

11    response, as noted above, plaintiff filed a 37-page responsive brief and a 12-page proposed

12    addendum to Claim 6 (but not Claim 1) of the complaint, and plaintiff presented oral argument.

13    While plaintiff's responses address some of the court's reasons for dismissal, plaintiff still fails to

14    explain why plaintiff's alleged disabilities prevented him from being able to appear personally in

15    court or use the state courts' existing filing mechanisms. Plaintiff thus fails to explain how

16    plaintiff suffered unlawful treatment—or any harm at all—due to his disability.

17    Plaintiff's continued failure to explain how his alleged disabilities prevented him from

18    accessing the state courts is fatal to his claim. As noted in this court's April 22, 2016 order, in

19    another pending ADA case in which Hiramanek asserted a nearly identical claim, this court ruled

20    on summary judgment that the Superior Court of California, County of Santa Clara did not violate

21    the ADA by denying plaintiff's requests for telephonic appearances or by refusing to allow

22    electronic filing, despite the fact that his disability required him to keep his foot elevated.

23    *Hiramanek v. Clark*, No. 5:13-CV-00228-RMW, 2016 WL 687974, at *10-11 (N.D. Cal. Feb. 19,

24    2016) (Dkt. No. 546). Because the Superior Court was wheelchair accessible and allowed filings

25    by mail, this court ruled, plaintiff failed to meet his burden of showing that the accommodations

26    offered by the Superior Court were unreasonable in light of his disabilities. *Id.* In the instant case,

27    Hiramanek has not alleged that the state appellate or supreme courthouses are not wheelchair

28

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

United States District Court
Northern District of California

accessible. Nor has plaintiff explained how defendants' existing filing mechanisms are insufficient to accommodate his alleged disabilities. Moreover, plaintiff has not indicated in his responsive brief, in his proposed addendum to the complaint, or at oral argument that he could make such factual allegations if allowed leave to amend. The court concludes that allowing plaintiff to amend would be futile.

Plaintiff argues that he does not have the burden to allege that the accommodations requested were necessary to avoid discrimination on the basis of his disabilities, Dkt. No. 27 at 2, but plaintiff's argument is inconsistent with the plain text of federal regulations and with Ninth Circuit law. *See* 28 C.F.R. § 35.130(b)(7) ("A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are ***necessary to avoid discrimination*** on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.") (emphasis added); *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 634 (9th Cir. 1999) ("Because Memmer bears the burden of proof, she must show how the accommodations offered by [defendant] were not reasonable."); *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) ("To prevail under the ADA, Duvall must show that the accommodations offered by the County were not reasonable, and that he was unable to participate equally in the proceedings at issue.").

Furthermore, the court concludes that allowing plaintiff leave to amend to describe additional alleged disabilities would be futile. Plaintiff claims that he has unspecified disabilities in addition to the alleged foot injury described in his complaint, but plaintiff's submissions do not describe what these alleged disabilities are or explain why they prevented him from accessing the defendant state courts.[2] *See* Dkt. No. 27 at 3-4. If plaintiff were able to allege the existence of other disabilities, he could have described those disabilities in his proposed addendum to the complaint, Dkt. No. 27-1, and, to the extent plaintiff is concerned about medical privacy, plaintiff

---

[2] To the extent that plaintiff claims that the undersigned judge is already aware of plaintiff's other alleged disabilities from proceedings in another case, plaintiff is improperly relying on evidence outside of the pleadings in this case.

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

1    could have moved to file his proposed amendments under seal. Plaintiff failed to do so.

2         Moreover, plaintiff's failure to explain how denials of telephonic appearances or electronic

3    filing harmed him suggests that plaintiff does not have standing to pursue his claims. Standing

4    under Article III of the U.S. Constitution requires: (1) "injury in fact—an invasion of a legally

5    protected interest which is (a) concrete and particularized and (b) actual or imminent, not

6    conjectural or hypothetical"; (2) causation—"there must be a causal connection between the injury

7    and the conduct complained of"; and (3) redressability—"it must be likely, as opposed to merely

8    speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of*

9    *Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, citations and footnote omitted).

10   During oral argument, plaintiff struggled to remember what he was even trying to accomplish in

11   the lawsuits in which the defendant courts allegedly denied his requests to appear telephonically.

12   Claim 1 of plaintiff's complaint seeks damages "estimated at no less than $9,999,999," plus

13   "exemplary damages." Compl. ¶ 69.x. Plaintiff has not plead or otherwise explained any facts to

14   suggest that the defendants' alleged denials of his ADA requests caused plaintiff millions of

15   dollars in harm. This suggests bad faith on plaintiff's part. Nor has plaintiff explained how a

16   favorable outcome in this case would remedy the harm he allegedly suffered.

17        Because plaintiff has failed to state a claim or allege sufficient facts to indicate that he has

18   standing, this order need not address plaintiff's other arguments. Plaintiff has not explained how

19   amendment would cure these deficiencies. Accordingly, Claim 1 of plaintiff's complaint is

20   dismissed without leave to amend.

21              **2.      Civil Rights and Obstruction of Justice Claims**

22        This court dismissed Claim 2 of plaintiff's complaint against Justice Rushing and Court of

23   Appeal employees Nasson and Potter because the complaint failed to adequately place defendants

24   on notice of the allegations against them and because defendants were likely entitled to Eleventh

25   Amendment and/or judicial immunity. *See* Dkt. No. 24 at 8-9. Plaintiff's written response does not

26   even attempt to address the fact that Claim 2 fails to state a claim because it lists more than thirty

27   different subsections of the United States Code, California statutes, and the U.S. and California

United States District Court
Northern District of California

28

6

1    constitutions, most of which bear no relation to the recited factual allegations. Plaintiff's written

2    submissions make no attempt to explain his claim against each defendant in a way that would

3    provide adequate notice of the allegations against them.

4          Nor does plaintiff cite any Ninth Circuit authority for the proposition that judicial or quasi-

5    judicial immunity does not apply to court staff who refuse to accept filings. In directly analogous

6    cases, the Ninth Circuit has held that judicial or quasi-judicial immunity applies. *See Mullis v. U.S.*

7    *Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (finding that court clerks

8    who allegedly refused to accept an amended petition were entitled to "absolute quasi-judicial

9    immunity" because they "perform[ed] tasks that are an integral part of the judicial process.");

10   *Sedgwick v. United States*, 265 F. App'x 567 (9th Cir. 2008) (affirming decision that court clerk

11   who refused to file premature petition was entitled to absolute quasi-judicial immunity against due

12   process claims).

13         While plaintiff cites *Duvall v. County of Kitsap* in support of his argument that judicial or

14   quasi-judicial immunity should not apply, the portion of the case that Hiramanek cites involved an

15   ADA coordinator who refused to allow Duvall to use a videotext display, not a clerk who refused

16   to accept a filing.[3] *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133-35 (9th Cir. 2001). In any

17   event, while the *Duvall* court found that material issues of fact precluded summary judgment in

18   favor of the ADA coordinator, the *Duvall* court also affirmed the lower court's decision that

19   judicial immunity precluded claims against the presiding judge. 260 F.3d at 1133. To the extent

20   that plaintiff attempts to distinguish Justice Rushing from the judge in *Duvall* by arguing that that

21   plaintiff is suing Justice Rushing only in his administrative capacity, other courts have found that

22   judicial immunity applies even when a judge did not personally preside over a plaintiff's case. *See*

23   *Labankoff v. Jaroslovsky*, No. C 10-0089 SBA, 2010 WL 1265853, at *2 (N.D. Cal. Mar. 30,

24

25   ─────────────────────
26   [3] The court notes that aside from judicial immunity, Congress explicitly intended to limit the
     Eleventh Amendment immunity defense that might otherwise be available in ADA cases. *See* 42
27   U.S.C. § 12202 (providing that "[a] State shall not be immune under the eleventh amendment . . .
     for a violation of this Act"). Plaintiff does not allege that Potter, Nasson, or Justice Rushing were
     ruling on ADA requests; he alleges that these defendants refused to accept filings.

28
5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

2010) (dismissing claims against chief judge of Ninth Circuit for alleged failure to supervise bankruptcy court staff who refused to accept filing); *Ocasio v. Kozinski*, No. C 08-4820 JF (PR), 2008 WL 5046288, at *1 (N.D. Cal. Nov. 25, 2008) (dismissing claims against chief judge and staff of Ninth Circuit for alleged failure to file exhibits pertaining to a complaint).

It is also unclear that plaintiff has standing in relation to the Sixth District Court of Appeal's alleged refusal to accept a filing on June 11, 2015. To the extent that plaintiff claims injury from that incident, plaintiff has not adequately alleged that defendants' actions caused his injury. As this court understands plaintiff's allegations, it appears that the Court of Appeal did not reject a filing directly from plaintiff or his agents; rather, the Court of Appeal refused to accept a filing that had been mistakenly sent to "Susan," a representative of "the landlord of DEFENDANTS' work location." Compl. ¶ 72. To the extent that plaintiff's filing was sent to "Susan" instead of the court, plaintiff has failed to allege that defendants' actions, as opposed to the actions of whoever mistakenly delivered the filing to "Susan," caused plaintiff's alleged injury.

Accordingly Claim 2 of plaintiff's complaint is dismissed without leave to amend.

### 3. Claims Regarding Referral of In Forma Pauperis Determinations to District Court on Appeal

This court dismissed Claim 3 of plaintiff's complaint against the United States, the U.S. Attorney General, or Chief Judge Thomas on sovereign and/or judicial immunity grounds. *See* Dkt. No. 24 at 9-10. While plaintiff seems to acknowledge that sovereign immunity generally bars suits against the U.S. government, plaintiff argues that some exception applies. This court finds plaintiff's arguments unpersuasive.

Because plaintiff now clarifies that he seeks only declaratory and injunctive relief rather than monetary damages, Dkt. No. 27 at 10, his citations to the Federal Tort Claims Act (including 28 U.S.C. §§ 1346, 2671 and 2674) as an exception to sovereign immunity do not apply.[4]

---

[4] *See United States v. Mitchell*, 463 U.S. 206, 216 (1983) ("Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.") (citations omitted).

United States District Court
Northern District of California

Plaintiff's claims for nonmonetary relief fare no better. Plaintiff cites *Glines v. Wade*, 586 F.2d 675, 681 (9th Cir. 1978) for the proposition that "on actions seeking nonmonetary relief or actions claiming that a government official acted in violation of the Constitution or of statutory authority," district courts have jurisdiction because "in these situations Congress has either waived sovereign immunity or the doctrine does not apply." *Glines* is distinguishable, however, because the quoted text explicitly relies on 5 U.S.C. § 702, which states, in relevant part:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. Hiramanek does not rely on this statute as a basis for jurisdiction, nor could he, because the definition of "agency" in the statute explicitly excludes "the courts of the United States."[5] 5 U.S.C. § 701(b)(1)(B). "[A] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (citation omitted).

Plaintiff asserts, without any analysis, that *Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014) and *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) are distinguishable from the instant case. Both of these cases applied the general rule that sovereign immunity bars suits against the Federal Government for declaratory and injunctive relief. However, plaintiff fails to identify a valid exception to the general rule that applies here. The cases on which plaintiff relies distinguish between *ultra vires* activity that would waive sovereign immunity and "the situation where an employee acting as a government agent, commits an act that is arguably a mistake of fact or law." *United States v. Yakima Tribal Court*, 806 F.2d 853, 859 (9th Cir. 1986). Thus, even if plaintiff were correct that the Ninth Circuit violated 28 U.S.C. § 47 in referring *in forma pauperis*

---

[5] To the extent that plaintiff is attempting to avoid judicial immunity by arguing that he is suing Chief Judge Thomas in his capacity as the head of an administrative agency, plaintiff's argument fails at least because the U.S. Court of Appeals for the Ninth Circuit is not an "agency."

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

United States District Court
Northern District of California

1    *applications* to the district court—and the court is unaware of any authority suggesting that

2    plaintiff is correct—such a mistake would not waive sovereign immunity.

3       Plaintiff bears the burden to establish a waiver of sovereign immunity, *Prescott v. United*

4    *States*, 973 F.2d 696, 701 (9th Cir. 1992), but plaintiff fails to identify any statute or other

5    authority that would grant him a private right of action for his claims. Accordingly, Claim 3 of

6    plaintiff's complaint is dismissed without leave to amend.

7                **4.**      **Claims Regarding California Vexatious Litigant Statute**

8       This court dismissed Claim 4 of plaintiff's complaint against California Chief Justice

9    Cantil-Sakauye, the California Judicial Council, Martin Hoshino, and Steven Jahr based on

10   judicial immunity, the *Rooker-Feldman* doctrine, failure to state a claim based on existing

11   precedents, and issue preclusion. Dkt. No. 24 at 10-13. Plaintiff responds with several arguments

12   for why the court should permit plaintiff's claims regarding California's vexatious litigant statute

13   to go forward, *see* Dkt. No. 27 at 12-18, but, with one exception,[6] the court does not find

14   plaintiff's arguments persuasive.

15       Plaintiff spends over four pages of his responsive brief attempting to distinguish this case

16   from *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007), a case in which the Ninth Circuit considered

17   and rejected a constitutional challenge to California's vexatious litigant statute, Cal. Civ. Proc.

18   Code § 391.7. *See* Dkt. No. 27 at 14-18. While this order does not discuss each of plaintiff's 34

19   purported distinctions with *Wolfe v. George* in detail,[7] the court notes that plaintiff attempts to

20   draw some distinctions that are immaterial (such as plaintiff's argument that the statute is vague);

21   some distinctions that are simply false (such as plaintiff's assertion that Section 391.7 did not

22   provide for a contempt penalty at the time *Wolfe v. George* was decided); and some distinctions

23

24   _____

25   [6] If Claim 4 did not suffer from more serious deficiencies, the court would agree with plaintiff that an amendment clarifying that plaintiff is suing Chief Justice Cantil-Sakauye in her administrative capacity as chair of the California Judicial Council and not in her judicial capacity might eliminate

26   the judicial immunity issue that the court raised.

27   [7] The court reemphasizes that Claim 4 of the complaint spans over 200 paragraphs and thus fails to comply with Federal Rule of Civil Procedure 8's requirement to provide "short and plain" statements of the grounds for the court's jurisdiction and the claims at issue.

28

United States District Court
Northern District of California

1  that are frivolous (such as plaintiff's argument that his vexatious litigant status constitutes a

2  disability under the Americans with Disabilities Act).[8]

3       The main distinction that plaintiff attempts to draw with *Wolfe v. George* is that Hiramanek

4  claims that the vexatious litigant statute prevented him from defending himself in a criminal

5  matter and in a separate divorce proceeding initiated by plaintiff's ex-wife. Plaintiff claims that the

6  right to defense is fundamental. A fatal flaw with plaintiff's argument, however, is that the text of

7  the vexatious litigant statute indicates that it does not require pre-filing approval in criminal

8  matters: "For purposes of this section, 'litigation' includes any petition, application, or motion

9  other than a discovery motion, ***in a proceeding under the Family Code or Probate Code***, for any

10  order." Cal. Civ. Proc. Code § 391.7(d) (emphasis added). Moreover, plaintiff does not argue that

11  the vexatious litigant statute denied him the right to representation in a criminal matter. To the

12  contrary, the closest plaintiff comes to stating a claim is his allegation that the California Supreme

13  Court ***declined*** to allow him to terminate his attorney and proceed *pro se* in an appeal on the basis

14  of his vexatious litigant status. *See* Compl. ¶¶ 138-39. Neither plaintiff's complaint nor his

15  responsive brief present facts or an explanation to make it plausible that the vexatious litigant

16  statute prejudiced Hiramanek in his defense of a criminal matter. Nor does plaintiff plead facts to

17  suggest that but for his vexatious litigant status, the result of his family law case would have been

18  different. In short, even if this court were to credit plaintiff's attempts to distinguish *Wolfe v.*

19  *George*, plaintiff's complaint would fail to state a claim and fail to show that he has Article III

20  standing.

21       Even if Hiramanek's case were materially distinguishable from Wolfe's, this court's April

22  22, 2016 order noted that another court in this district has dismissed Hiramanek's own previous

23  challenge to the vexatious litigant statute, and the Ninth Circuit has affirmed that decision. *Pierce*

24  *v. Cantil-Sakauye*, No. C 13-01295 JSW, 2013 WL 4382735 (N.D. Cal. Aug. 13, 2013), aff'd, 628

25

26  _____

27  [8] In fact, that statute has provided a contempt penalty since well before *Wolfe v. George* was
litigated. *See* Cal. Civ. Proc. Code § 391.7(a) (Deering 1999) (warning that "[d]isobedience" of a
pre-filing order "by a vexatious litigant may be punished as a contempt of court.")

28

F. App'x 548 (9th Cir. 2016). Plaintiff attempts to distance himself from that result by arguing, among other things that he was "not a named party" in *Pierce*. This court's prior order already explained why that argument is misleading at best and dishonest at worst: While it appears that both the district court and Hiramanek's counsel in *Pierce* had difficulty spelling Mr. Hiramanek's name correctly, a review of the pleadings in that action indicates that Adil Hiramanek was the plaintiff both in that action and in the instant case. *Compare* Compl. ¶¶ 124, 323 (describing how a family court judge deemed plaintiff a vexatious litigant in case number 1-09-FL-149682 on June 2, 2010), *with Pierce*, Case No. C 13–01295 JSW Dkt. No. 1 ¶¶ 23-24 (describing how a family court judge issued a prefiling order against "Adil Hiramenk" [sic] in case number 1-09-FL-149682 on June 2, 2010). Plaintiff claims that he had no control of the *Pierce* filings and that at some point "prior to the finality of *Pierce v. Cantil-Tani Sakauye* 628 F. App'x 548, 549 (9th Cir. 2016) [plaintiff] informed Pierce's counsel on more than one occasion not to represent [plaintiff]." Dkt. No. 27-3 (Hiramanek Decl.) ¶ 37. However, plaintiff does not claim that he did not participate in the investigation or filing of *Pierce*; he simply argues that at some point before the Ninth Circuit decided the case on appeal, Hiramanek asked his counsel Mr. Cunningham not to represent him. Moreover, Hiramanek apparently told counsel in *Pierce* that "Having said that I will not object, nor am I legally able to object, to your using facts of my case." *Id.* Plaintiff stops short of saying that Cunningham pursued the *Pierce* case without plaintiff's consent. Even if plaintiff himself had not participated in *Pierce*, the fact remains that another court in this district and now the Ninth Circuit have decided, based on the facts of Mr. Hiramanek's experience as a vexatious litigant, that plaintiff's challenge to the vexatious litigant statute should fail.

Finally, Hiramanek argues that the *Rooker-Feldman* doctrine does not preclude his claims because he is asserting a facial challenge to the vexatious litigant statute and not seeking reversal of the state court's orders declaring him a vexatious litigant. The court finds plaintiff's argument unpersuasive. The injunctive relief that plaintiff requests is, effectively, to prevent the state court from enforcing its pre-filing order against plaintiff. *See* Compl. ¶ 352.ii (seeking an injunction preventing defendants "from engaging in any practice or activity which discriminates PLAINTIFF

12

United States District Court
Northern District of California

1    and specifically from attempting to threaten PLAINTIFF or encourage others to do so directly or

2    indirectly."). Moreover, Claim 4 of plaintiff's complaint contains multiple references to the state

3    court's specific order declaring plaintiff a vexatious litigant. *See, e.g.*, Compl. ¶¶ 131; 146; 148

4    ("Order Considers Wrong Window of Time"); 149; 150 (referring to "the Order in question");

5    151-57. Given plaintiff's fixation on the order issued against him, plaintiff's denial that his

6    complaint is a forbidden *de facto* appeal of a state court order is simply not a fair reading of his

7    complaint.

8         For at least the reasons set forth above, Claim 4 of plaintiff's complaint regarding the state

9    vexatious litigant statute is dismissed without leave to amend.

10              **5.    Challenge to *Rooker-Feldman* Doctrine**

11         This court dismissed Claim 5 of plaintiff's complaint against the United States and its

12    Attorney General on sovereign immunity grounds. Plaintiff's written opposition merely notes that

13    he intends to amend his complaint but does not describe any specific amendments, let alone

14    amendments that would overcome the court's basis for dismissal. Dkt. No. 27 at 18. While

15    plaintiff argues that the United States and the Attorney General are not immune from suit, plaintiff

16    once again fails to identify any statute or other authority that would grant him a private right of

17    action for his claims. Accordingly, Claim 5 of plaintiff's complaint is dismissed without leave to

18    amend.

19              **6.    "Doctoring the Record" Claim**

20         This court dismissed Claim 6 of plaintiff's complaint against California court reporters

21    because plaintiff's allegations failed to show that plaintiff had standing and lacked sufficient

22    particularity to place defendants on notice of the allegations against them. Dkt. No. 24 at 13-14.

23    Plaintiff's proposed addendum to his complaint, Dkt. No. 27-1, fails to cure these deficiencies.

24    Plaintiff still does not allege that he suffered a concrete injury that can be traced to the court

25    reporters' alleged transcription errors. Moreover, plaintiff's allegations against the court reporters

26    are still too vague and conclusory to provide them with adequate notice of which laws plaintiff

27    claims they violated. For example, plaintiff claims that defendant Antonio "provided an

28

United States District Court
Northern District of California

13

incomplete and doctored transcript with the most important part favorable to PLAINTIFF omitted or marked as '- -'". Dkt. No. 27-1 at 1. Plaintiff does not explain what was important or inaccurate in the transcript in question. In another example, plaintiff claims that several words were misreported in a transcript from defendant Crawford, *see id.* at 2, but plaintiff pleads no facts to suggest that these errors were material, intentional, or injurious to plaintiff. While plaintiff alleges somewhat more specific errors in a transcript from defendant Miramontes, *id.* at 8, plaintiff once again does not explain how these alleged errors were material, intentional, or injurious to plaintiff.[9] Plaintiff also indicates that he acknowledged to Miramontes a benign explanation for the alleged errors: "his accent, his asthma condition, and his telephone appearance." *Id.* at 5. As to defendant Wiles, it is unclear from plaintiff's proposed addendum that Wiles participated in any alleged alterations to any transcripts. Plaintiff's proposed addendum also contains multiple paragraphs that appear to criticize not the accuracy of defendants' transcripts but the delays and fees associated with these transcripts. In short, plaintiff's proposed addendum to Claim 6 still fails to state a claim and show that plaintiff has standing, and Claim 6 is dismissed without leave to amend.

### C.   Plaintiff's Vexatious Conduct

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessy*, 912 F.2d 1144, 1148 (9th Cir. 1990). A court may restrict such litigants' future filing of actions or papers provided that it (1) gives the litigant an opportunity to oppose the order before it is entered; (2) creates an adequate record for review; (3) makes substantive findings as to the frivolous or harassing nature

---

[9] For example, plaintiff alleges that a transcript from Miramontes misstated the date of a hearing as 3013 instead of 2013, omitted "plaintiff's objection to minor counsel's legal standing," omitted a "personal service statement," and contained instances in which "words are missing and the transcript purposely hides them with 'unintelligible' excuse." *Id.* at 8.

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

United States District Court
Northern District of California

of the litigant's actions; and (4) drafts a sufficiently tailored order. *Id.* at 1145–48. To determine whether a litigant is "vexatious," courts consider, among other factors, the number and nature of the litigant's court filings, the litigant's motive in submitting those filings, and whether the litigant's filings have caused other parties needless expense or imposed an unnecessary burden on the courts or court staff. *Molski*, 500 F.3d at 1057–58 (applying the factors from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)).

### 1.    Notice and Hearing

The plaintiff has had adequate notice and an opportunity to be heard. He was electronically served with the Order to Show Cause on April 22, 2016, and plaintiff appeared telephonically at his request at a hearing on the instant motion on May 20, 2016. Plaintiff's argument that notice was inadequate is belied by the fact that plaintiff had time to submit a 37-page written opposition, a 12-page proposed addendum to his complaint, 7 additional pages of objections, and hundreds of pages of declarations and supporting documents in advance of the hearing.

### 2.    An Adequate Record

The record for review includes this order, the findings in the Order to Show Cause, and prior orders cited in the Order to Show Cause. *See* Dkt. No. 24 at 15-17. For example, in another pending case before this court, *Hiramanek v. Clark*, Case No. 5:13-CV-00228-RMW, Mr. Hiramanek and his mother Roda attempted to assert 48 claims, all but one of which were stricken, dismissed, or adjudicated in favor of defendants. *See, e.g.*, Case No. 5:13-CV-00228-RMW, Dkt. Nos. 94-1, 19, 98, 546, 570, 708, 711. One claim remains pending.

The record for review also includes state court filings. Claim 4 of plaintiff's complaint in the instant case spans over 200 paragraphs and stems from the fact that the state court has declared plaintiff a vexatious litigant. *See Marriage of Hiramanek*, No. H035887, 2012 WL 3608515, at *3 (Cal. Ct. App. Aug. 23, 2012) (describing the basis for the state court's order finding plaintiff a vexatious litigant in his divorce case)). Plaintiff objects to this court's consideration of the state court's declaration that plaintiff is a vexatious litigant. Dkt. No. 27 at 29. This court need not adopt the state court's reasoning, however, to note the indisputable fact that plaintiff did submit

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

United States District Court
Northern District of California

1    multiple, unsuccessful filings in state court, just as he did in federal court.

2         The record for review also includes plaintiff's involvement in a prior case in which another

3    court in this district rejected Mr. Hiramanek's claims against the California vexatious litigant

4    statute. *See Pierce v. Cantil-Sakauye*, 2013 WL 4382735, at *5-7, *aff'd*, 628 F. App'x 548 (9th

5    Cir. 2016).

6         Finally, the record for review includes the fact that Mr. Hiramanek unsuccessfully

7    attempted to remove a state criminal case against him to federal court. *The People of the State of*

8    *California v. Hiramanek*, Case No. 5:14-cv-04640-BLF.

9                        **3.    Finding of Frivolousness or Harassment**

10                       **a.    Plaintiff's Litigation History**

11        The cases filed by plaintiff since 2013, including Case No. 13-CV-00228-RMW (*Clark*),

12   Case No. 13-CV-01295-JSW (*Pierce*), and the instant case have named numerous defendants

13   including defendants who have no connection with the conduct about which plaintiff appears to

14   complain. The *Clark* action, like the instant case, asserted claims against the California state courts

15   and their employees for alleged disability discrimination, civil rights violations, and

16   conspiracies.[10] While it is true that not *all* of the claims in the *Clark* action were dismissed out of

17   hand and that the case remains pending, the defendants and the court had to expend excessive

18   resources even to understand plaintiff's claims well enough to adjudicate them. *Cf. Molski*, 500

19   F.3d at 1062 ("acknowledge[ing] that Molski's numerous suits were probably meritorious in part"

20   but nevertheless finding that Molski was a vexatious litigant). The *Pierce* action, directed against

21   Chief Justice Cantil-Sakauye and Steven Jahr was, like the instant case, an unsuccessful lawsuit to

22   overturn California's vexatious litigant statute. Plaintiff's unsuccessful attempt to remove a state

23   criminal case against him to federal court in Case No. 5:14-cv-04640-BLF also wasted time and

24   judicial resources. The court finds that these lawsuits were harassing and largely frivolous.

25

26   _____

27   [10] The court also notes that in the *Clark* action, plaintiff would often assert that he served his
     filings "on the designated person at the U.S. Department of Justice." *See, e.g.*, Case No.
     13-CV-00228-RMW, Dkt. Nos. 559, 568.

28                                              16

United States District Court
Northern District of California

### b.     Plaintiff's Motive in Pursuing Litigation

The plaintiff continues to assert baseless claims that ultimately seem to originate from the fact that during plaintiff's divorce case, a state court judge: (a) issued a restraining order against plaintiff preventing plaintiff from having access to his children for fifty years and (b) declared plaintiff a vexatious litigant under state law. *See* Compl. ¶¶ 124, 130, 314. Plaintiff's claims against the state entities and employees derive from his contact with the state court during his family law proceedings or related cases. Moreover, plaintiff's claims against the federal defendants relate to plaintiff's lack of success in federal court against the state officials. The record suggests that plaintiff's claims are intended to harass the government defendants who allowed plaintiff's children to be taken away. At best, plaintiff's claims constitute repeated, improper attempts to circumvent the state and federal appellate processes.

The large amount of damages that plaintiff seeks in the instant case also suggests that plaintiff's complaint is intended to harass defendants. *See Molski*, 500 F.3d at 1060 n.6 ("Because [Molski] claimed damages far in excess of his actual injuries, his exaggerated claims of damages support a pre-filing order to the extent that he sought to recover more than the statutory minimum of damages."). Here, Claims 2 and 6 of plaintiff's complaint seek tens or hundreds of millions of dollars in damages without any allegation to suggest that plaintiff's alleged injuries support these amounts.[11] The record suggests that plaintiff is not motivated by the merits of his claims.

### c.     Whether Plaintiff Has Caused Unnecessary Expense to the Parties or Placed Needless Burdens on the Court

Plaintiff has attempted to force dozens of defendants to respond to his nearly incomprehensible claims. His complaint in the instant action spans 83 pages and close to 400 paragraphs. Moreover, on multiple occasions in Case No. 5:13-CV-00228-RMW, Mr. Hiramanek filed unnecessary, unsuccessful motions that resulted in undue cost for defendants, undue consumption of judicial resources, or both. These motions include, but are not limited to

---

[11] *See* Compl. ¶ 90 (seeking $9,999,999 plus punitive damages from Justice Rushing and Sixth District Court of Appeal employees Nasson and Potter despite the fact that they are immune from money damages); *id.* ¶ 385 (seeking $999,999,999 from the court reporter defendants).

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

approximately: 4 motions to add defendants or claims to his 253-page revised second amended complaint,[12] 13 motions for review of orders by the assigned magistrate judge,[13] 7 other motions for reconsideration,[14] and 12 discovery motions.[15] Plaintiff also repeatedly violated rules on page limits,[16] just as he has done in responding to the Order to Show Cause in the instant case. Even if, as plaintiff argues, the orders above did not each explicitly find that plaintiff's arguments were frivolous, the orders support the court's finding that plaintiff's litigation tactics, when viewed in combination, have been frivolous.

### 4.   Narrow Tailoring of the Order

As shown by his litigation conduct, plaintiff has a history of filing suits alleging disability discrimination, civil rights, or conspiracy claims against state or federal courts, their judges, their employees, and the U.S. Department of Justice and its officials. Any potential order needs to be narrowly tailored to fit the specific misconduct encountered. The court holds that the proper order is to require plaintiff to obtain leave of court before filing any disability discrimination, civil rights, or conspiracy claims against state or federal courts, their judges, their employees, and the U.S. Department of Justice and its officials. In light of plaintiff's extensive litigation history, the fact that plaintiff is pro se does not negate this court's finding that a pre-filing restriction is necessary.

## III.   ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without leave to amend; and

2. Plaintiff Adil Hiramanek is declared a vexatious litigant. Mr. Hiramanek must obtain leave of court before filing any further suits in the U.S. District Court for the Northern District of California alleging any disability discrimination, civil rights, or conspiracy claims against state or

---

[12] *See* Case No. 5:13-CV-00228-RMW, Dkt. Nos. 146, 164; 203, 208; 375, 424; 563, 570.
[13] See *id.* Dkt. Nos. 263-64, 280; 266, 287; 276, 291; 367, 382; 535-42, 565.
[14] *See id.* Dkt. Nos. 35, 36; 79, 80; 107, 115; 212, 215; 559, 567, 568, 571.
[15] *See id.* Dkt. Nos. 306, 327; 323, 341, 354, 389, 390, 392, 393, 394, 451; 324, 350; 351, 353; 381, 383.
[16] *See, e.g., id.* Dkt. Nos. 291 at 2, 382 at 9, 565, 571.

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT

United States District Court
Northern District of California

federal courts, their judges, their employees, and the U.S. Department of Justice and its officials. The Clerk of this court shall not accept for filing any further complaints filed by Mr. Hiramanek alleging any disability discrimination, civil rights, or conspiracy claims against state or federal courts, their judges, their employees, and the U.S. Department of Justice and its officials until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether plaintiff has stated a potentially cognizable claim in a short, intelligible and plain statement.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 31, 2016

_Ronald M. Whyte_

Ronald M. Whyte
United States District Judge

5:15-cv-04377-RMW
ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DECLARING PLAINTIFF A
VEXATIOUS LITIGANT